**BONNAR–VAWTER, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 5761.**

United States Court of Appeals First Circuit.

April 26, 1961.

was several pieces of clothing in it and another smaller suit case, we opened it and there was something wrapped in news-

Paul H. Farrell, Boston, Mass., with whom Ronald H. Marcks, Cambridge, Mass., and Goodwin, Procter & Hoar, Boston, Mass., on brief, for petitioner.

Julius G. Getman, Washington, D. C., Attorney, with whom Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Melvin Pollack, Attorney, Washington, D. C., on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is a petition to review and set aside an order of the National Labor Relations Board and a cross-petition by the Board for the enforcement of its order. Bonnar-Vawter, Inc. (hereinafter called the Company) contends that the order, which specified that four discharged strikers were to be reinstated to their jobs with back pay, was punitive and beyond the power of the Board.

The circumstances leading up to this order may be briefly stated. The Rockland, Maine, plant of Bonnar-Vawter, Inc. was struck by members of Rockland Printing Specialities & Paper Products Union, Local 643 on April 11, 1959. The strike continued until about July 2, 1959. During that time the Company permanently replaced many of its striking employees and continued its operations. The four employees ordered reinstated by the Board were discharged by the

paper. I unwrapped it and we found a sawed-off double barrel shotgun."

Company for alleged misconduct on the picket line. They had not been permanently replaced by the Company at the time of the discharges. The trial examiner in his Intermediate Report found that the discharges of the four employees were not justified, and that these employees were discharged for "participation in protected concerted activity in violation of Section 8(a) (3) of the Act."[1] This finding, which was adopted by the Board, was not excepted to by the Company and is not involved in this petition to review and set aside the order.

At the conclusion of the hearing before the trial examiner on charges of unfair labor practices in regard to the four discharges and other actions of the Company, a partial settlement agreement was made dismissing various charges in regard to Section 8(a) (5) violations and others derivative therefrom and providing that employees who had been permanently replaced during the strike would be put on a preferential hiring list.[2] Under this agreement when openings were available in any department of the plant they would be filled by reference to the names listed under the appropriate department heading (without loss of seniority or other rights and privileges previously enjoyed) before any new employees would be hired.

The Company contends that in the circumstances of this disposition of the charges involving all the strikers, the order for reinstatement of the four discharged strikers is punitive and beyond the power of the Board. It is the Company's view that the maximum remedy that should be given to the four dischargees is to grant them reinstatement rights identical with those given by the settlement agreement to the replaced strikers.

We believe that this contention is without merit. It was the Company's

action which placed the strikers other than these four in a different position by replacing them during the strike. The four dischargees as we have indicated had not been replaced at the time of the discharges. They still had their jobs and were entitled, therefore, to protection of that status as against discriminatory discharge for participation in protected concerted activity. The measure of remedy for the four dischargees should not be limited to that of a group which was already in a less favorable position in regard to their jobs, i. e., permanently replaced.

Since the four dischargees were discriminated against as compared with other employees who were not engaged in the concerted activity, we believe that the Board's remedy was appropriate to effect recompense to the four employees illegally discharged and to vindicate the right of non-replaced employees to engage in protected concerted activities free of the threat of discriminatory discharge. See generally National Labor Relations Board v. Mackay Co., 1938, 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381; National Labor Relations Board v. Cowles Pub. Co., 9 Cir., 214 F.2d 708, certiorari denied 1954, 348 U.S. 876, 75 S.Ct. 110, 99 L.Ed. 689.

The Company argues that it is necessary to place the four dischargees on the preferential hiring list in order to give the settlement agreement a definite legal effect. We find no merit in this argument. The settlement agreement is to be given definite legal effect in regard to those covered by it, i. e., the replaced strikers. The Company's action in discharging the four employees involved in this order placed them in a separate and distinct status.

A decree will be entered enforcing the order of the Board and dismissing the petition to review and set aside the order.

---

1. Labor Management Relations Act of 1947, 29 U.S.C.A. § 158(a) (3).

2. The four discharged strikers ordered reinstated by the Board were not on this list.